MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. GEORGE J. CALNON.

Decided March 29, 1899.

1. **Assignment of Error—Briefs.**

An assignment that the court erred in overruling a general demurrer to plaintiff's petition is too general to demand consideration, in the absence of a proposition in the brief making it more specific.

2. **Defects in Machinery—Evidence.**

In an action for injuries caused by the explosion of a locomotive engine, alleged to have been due to specific defects in the machinery, it was proper to admit evidence that such locomotive had previously been in collision with another engine, that being also alleged in the petition.

3. **Cross-Examination—Previous Statements—Best Evidence.**

No error is shown in permitting cross-examination of a witness as to previous statements made by him, over objection that the written statement was the best evidence, where the bill of exceptions does not show that the statement asked about was in writing and the brief fails to show that such fact appears in the record.

4. **Same.**

On cross-examination a witness may be asked, in order to lay the predicate for impeachment, whether he has made certain statements, though the statement asked about was in writing.

**5. Cross-Examination—Business of Witness.**

A witness may be cross-examined as to what business he is engaged in; it is not error to permit a witness for a railway company to be asked if he is engaged in loaning money to railroad men.

**6. Charge—Case Followed.**

Railway v. Milam, ante, p. 688, followed as to rulings on objections to the charge of the court.

APPEAL from Williamson. Tried below before Hon. R. E. BROOKS.

*Fiset & Miller,* for appellant.

*John W. Parker,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellee sued appellant to recover damages on account of personal injuries sustained by him, caused by an explosion of the boiler of one of appellant's engines.

The following portions of the charge will explain the issues that were submitted to the jury:

10. "Now if the jury shall find from a preponderance of the evidence that the plaintiff Calnon was in the employment of the defendant company as an engineer, as alleged in his petition, and that while engaged in the performance of his duties as such engineer in running one of defendant's engines he was injured, as alleged in his petition, by the explosion of the boiler of said engine, and you further find that the steam gauge of said boiler was in a defective condition, so that it would not indicate the true amount of steam pressure on said boiler, or that the steam pops or safety valves upon said boiler for the escape of steam when it reached a certain pressure on said boiler were defective and were not fixed or arranged so as to blow off and relieve said boiler from further pressure when the same reached a point beyond which it was unsafe to go, or if you find from the evidence that defendant had permitted a crust to be formed upon and over the crown sheet on the inside of the boiler, by the depositing of the solids held in solution in the water, which excluded the water from said crown sheet and allowed the same to heat and thereby become weakened and to give way, or if you find any one or more of the defects above set out, if any, to have existed at said time, and if you further find from the evidence that said defects above set out or any of them, if there were any, caused said boiler to explode and plaintiff to receive his said injuries, if he did receive any, and you further find that defendant knew, or by the exercise of ordinary care in inspecting said boiler and its appliances could have known of said defects which caused said explosion, if you find there were any such defects and that they did cause said explosion, prior to said explosion, and that the defendant was guilty of negligence, as that term has been heretofore explained to you, in not discovering said defects, if any, prior to said explosion, then you will return a verdict for the plaintiff, unless you find the plaintiff was himself guilty of negligence which contributed to his

injuries, as will be hereinafter explained to you, in which latter event you will find for the defendant.

11. "You are further instructed that if you find from the evidence that plaintiff was injured as alleged in his petition by the explosion of said boiler, but you further find that said explosion was caused by the failure of plaintiff to keep said boiler sufficiently supplied with water and to keep the crown sheet thereof covered with water, if he did so fail, and that such failure on plaintiff's part, if any, was negligence on plaintiff's part, as that term has been defined heretofore, which contributed to his injuries, then you will return a verdict for the defendant, even though you should find the defendant was guilty of negligence in allowing said steam pops or valves of the steam gauge to become defective, if any such defects exist, or in any other particular.

12. "You are further instructed that the defendant company was not bound to furnish to plaintiff machinery and appliances absolutely safe for the work in which he was engaged, but was under a duty to exercise ordinary care to furnish to plaintiff machinery and appliances reasonably safe for such work, and a failure to exercise such degree of care by defendant would be negligence on its part, but if defendant did exercise ordinary care in this respect, then it would not be guilty of negligence.

13. "Now, if you find from the evidence that the defendant allowed a crust to accumulate on the inside of the boiler so as to exclude the water from the crown sheet of said boiler and cause it to heat and give way, or that the steam gauge or steam pops or safety valves were in a defective condition, as alleged by plaintiff, but you further find that such defects or any of them could not be discovered by defendant by the exercise of such degree of care as a person of ordinary prudence would exercise under such circumstances, by proper inspection of said boiler and its appliances by competent persons, and that defendant did exercise ordinary care in inspecting said boiler and its appliances prior to said explosion and failed to discover said defects, then you are instructed that such defects, if any, as were not known to defendant or could not have been discovered by ordinary care, will not be considered by you in determining whether or not the defendant was guilty of negligence in this case, and if you find defendant exercised ordinary care in supplying plaintiff machinery and appliances reasonably safe for the work he was engaged in, plaintiff can not recover in this case, and if you so find, your verdict will be for defendant.

14. "You are further instructed, that unless you find from a preponderance of the evidence that the plaintiff was injured in some manner alleged in his petition, and that said injuries were caused by the negligence of the defendant in one or more of the particulars heretofore set out in this charge in paragraph 10 hereof, then you will return a verdict for the defendant.

"You are further instructed, that if you believe from the evidence that the explosion in question was caused by some defect in the boiler or its appliances, but you further find that such defects were known to plaintiff or must have been discovered by him in the ordinary discharge of his

duties prior to said explosion, and he continued in his said employment with such knowledge of said defects, if any, then in such event, he would be held to have assumed the risk of any dangers arising from such defects and could not recover for injuries caused by such defects, if any, as were so known to him."

Verdict and judgment are rendered for the plaintiff for $3750, and the defendant has appealed. On the issue of fact involving the plaintiff's right to recover, there is evidence in the record to sustain findings for the plaintiff and against the defendant; and we therefore find for the plaintiff on these issues, including the issues of negligence on the part of the defendant and contributory negligence on the part of the plaintiff.

*Opinion.*—The first assignment of error alleges that the court erred in overruling defendant's general demurrer to plaintiff's petition. This assignment is not accompanied by a proposition, and in the absence of a proposition, making it more specific, it is too general to demand consideration.

The second assignment complains of the action of the court in permitting plaintiff to prove that the engine whose boiler exploded had, previous to the explosion, collided with another engine. The plaintiff charged in his petition that the engine in question had previously been wrecked, and we think the testimony referred to was competent, under this averment, for the purpose of showing its condition at the time of the explosion.

Dr. O. F. Carson testified for appellant in reference to the injuries sustained by appellee; and on cross-examination, he was asked if he had made a statement of the nature and extent of appellee's injuries, to be used by him in the collection of certain insurance which he carried, etc. In response to this question, he said he did make a statement of the nature and extent of appellee's injuries; that he may have stated that he was injured in his head, shoulders, and back, but had no recollection of stating anything about his hearing, nor what he stated concerning the length of time that he was disabled, as a result of the injuries, and the statement made was true, to the best of his knowledge.

The bill of exceptions shows that appellant objected to this testimony, because it appears that the former statement of the witness was in writing, and such writing was best evidence and it does not appear that said writing was not in existence and could not be found, and that no predicate for the introduction of secondary evidence had been made.

Neither the question nor the answer of the witness, as stated in appellant's brief, shows that the statement referred to was in writing and if it so appears in the statement of facts, it is not so stated in apppellant's brief. Hence it appears that the objection is not sustained by the record. It may have been objected to upon the ground that it appeared to be in writing, when, as a matter of fact, it may not have so appeared. If, as a matter of fact, the statement was in writing, it should have been distinctly so stated in the bill of exceptions or the brief should have re-

ferred to the page of the transcript, showing that it was in writing. Besides, the statement referred to related to a collateral matter, and if it was in writing it did not belong to the class of written instruments which are required to be produced as the best evidence. As a matter of fact, appellee had the right, in order to lay a predicate to impeach the witness if he denied making the statement referred to, to ask him whether or not he had made such statements, even though they were made in writing. The witness admitted that he had made most of the statements inquired about, and as to such as were admitted, of course appellee could not offer any further testimony.

Baker, another witness for appellant, was asked on cross-examination if he was not engaged in the business of lending money to railroad employes and taking powers of attorney authorizing him to collect their wages and pay himself. He answered that he sometimes loaned money to railroad men, but did not take powers of attorney to collect their wages.

This evidence was objected to as immaterial and calculated to prejudice the minds of the jury. It was permissible on cross-examination to ask the witness what business he was engaged in, and we fail to see that his statement that he sometimes loaned money to railroad men could prejudice the minds of the jury against him. It may have been quite an accommodation for the railroad people for the witness to lend them money. But conceding that such testimony may be calculated to prejudice a jury against him, we are still of the opinion that the adverse party has the right to show the character of the witness's business or occupation, and this evidence may be elicited from the witness himself, as well as from any other source.

No error was committed in refusing the special charge directing a verdict for the defendant and in overruling the motion for a new trial. As before stated, there is evidence in the record to sustain the findings necessary to support the verdict, viz., that appellant was guilty of negligence in one or more of the respects charged in plaintiff's petition, and that the plaintiff was not guilty of contributory negligence.

The same objections are addressed to the charge of the court that are urged against the charge in the Milam case decided today. The charges in the two cases are quite similar, and for the reasons stated in the other case we overrule the objections urged to the charge in this.

No reversible error has been pointed out, and the judgment will be affirmed.

*Affirmed.*

Writ of error refused.